```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
```

| | |
|---|---|
| ARMITA "ANN" EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:08CV1484-DJS |
| | ) |
| ALL MY SONS MOVING & STORAGE, | ) |
| INC., and STATE FARM FIRE & | ) |
| CASUALTY COMPANY, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Now before the Court is plaintiff Armita Edwards' motion to remand [Doc. #15]. Plaintiff originally filed her petition in state court on August 27, 2008, seeking relief from defendant All My Sons Moving and Storage, Inc. ("All My Sons") for defendant All My Sons' alleged fraudulent misrepresentation. Doc. #2-2. Plaintiff alleges that defendant All My Sons made false and fraudulent representations to plaintiff concerning the skill and experience of its employees in carefully moving household goods and personal property. Plaintiff alleges that an agent of defendant All My Sons stated that all furniture would be wrapped in moving pads and properly secured and protected when such items were in transit. Plaintiff further alleges that she relied on defendant All My Sons' representations, and entered into an agreement with defendant All My Sons to transport her household goods and personal property from Texas to Missouri. Plaintiff alleges that defendant

All My Sons failed to properly pad and wrap numerous items, and that as a result several of plaintiff's household goods and personal possessions were damaged. Plaintiff seeks approximately $30,000.00 in actual damages, and an additional $100,000.00 in punitive damages.

On September 26, 2008, arguing that plaintiff's action was preempted by federal law, defendant All My Sons removed the action to this Court. Plaintiff subsequently filed a motion to remand, arguing that it asserted only a state law claim against defendant All My Sons, and that defendant All My Sons' federal preemption defense does not impart jurisdiction to this Court. Defendant All My Sons opposes plaintiff's motion to remand, arguing that this Court has original jurisdiction because, despite plaintiff's attempt to plead only a state law fraudulent misrepresentation claim, plaintiff's action is completely preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706.

Defendant asserts that plaintiff's petition raises a question of federal law, and that this Court has original jurisdiction. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States for the district and division embracing the place where such action is pending."

However, the mere implication of federal law does not confer federal-question jurisdiction. "The propriety of removal to

federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Lauder v. Bekins Van Lines Co., 2005 WL 3333269, at *2 (E.D. Mo. Dec. 7, 2005) (emphasis added). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). "In the ordinary case, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court." Chapman v. Lab One, 390 F.3d 620, 625 (8th Cir. 2004).

While as a general rule a case will not be removable if the complaint does not affirmatively allege a federal claim, there are certain exceptions. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Relevant to this case, one such exception is where the federal statute completely preempts, that is, wholly displaces, the state law cause of action. See id. at 8.

In this case, plaintiff's petition, on the face, does not allege a federal cause of action. Further, courts in this district have found that the Carmack Amendment does not completely preempt state law claims for purposes of the removal statutes. See Lauder, 2005 WL 3333269, at *3 ("[T]he Carmack Amendment [does] not completely preempt state law claims for purposes of federal removal

jurisdiction."); <u>Karnes v. Popular Bluff Transfer Co.</u>, 1999 WL 1097982, at *1 (E.D. Mo. October 27, 1999) ("The Carmanck Amendment does not give rise to an exception to this general rule."). As a result, the Court lacks federal question jurisdiction over this case.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff Armita Edwards' motion to remand [Doc. #15] is granted.

**IT IS FURTHER ORDERED** that defendant All My Sons Moving & Storage, Inc.'s motion to strike [Doc. #5] is denied without prejudice.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of St. Louis County, Missouri.

Dated this ___3rd___ day of February, 2009.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE